UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 07-23289-CIV-ALTONAGA/Brown

**JORGE GUZMAN**,

    Plaintiff,

vs.

**IRMADAN, INC.** and
**DAN PASQUALUCCI**,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction, [or] in the Alternative, Request to Convert Motion to Dismiss into a Motion for Summary Judgment (the "Motion") [D.E. 23], filed on February 27, 2008. In an Order issued on March 4, 2008 [D.E. 26], the Court converted the Motion into a Motion for Summary Judgment and permitted the parties additional time to engage in discovery regarding the jurisdictional issues raised in the Motion. The Court has carefully considered the Motion, pertinent portions of the record, and applicable law.

## I. BACKGROUND

This is an action for unpaid overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA").[1] Defendant, Irmadan, Inc. ("Irmadan"), is a small, family-owned carpentry business located in Broward County, Florida. (*See Motion* at 6). Defendant, Dan Pasqualucci, the owner of

---

[1] The FLSA mandates that an employee covered under the Act "who works for more than forty hours a week is entitled to overtime compensation equal to one and a half times his regular rate of pay." *Allen v. Bd. of Pub. Educ. for Bibb County*, 495 F.3d 1306, 1311 (11th Cir. 2007) (citing 29 U.S.C. § 207).

Case No. 07-23289-CIV-ALTONAGA/Brown

Irmadan, ran the day-to-day operations of the company. (*See Complaint* [D.E. 1] at ¶ 3). Plaintiff, Jorge Guzman ("Guzman"), provided services to Irmadan between February 2005 and January 2007, installing and assembling cabinets in the homes and workplaces of Irmadan's customers. (*See id.* at ¶ 9; *Aff. of J. Guzman* [D.E. 29-2] at ¶¶ 4, 7). As a part of his duties for Irmadan, Guzman regularly picked up or purchased materials such as hinges, nails, screws, and knobs at a number of retail locations such as Home Depot.[2] (*See Aff. of J. Guzman* at ¶ 8). Many of these materials had traveled in interstate commerce, originating in other states or countries. (*See id.* at ¶ 6; *Opposition* [D.E. 28] at 3). Guzman's work for Irmadan never required him to leave Florida nor did he use instrumentalities of interstate commerce, such as telephones, fax machines, or the internet, in connection with his employment.

Guzman alleges he worked for Irmadan an average of 66 hours per week, but was never paid overtime wages. (*See Compl.* at ¶¶ 10-11). On December 18, 2007, Guzman filed his Complaint alleging Defendants failed to compensate him for overtime in violation of the FLSA.

## II. LEGAL STANDARD

Summary judgment shall be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In making this assessment, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Cheshire Bridge,*

---

[2] The parties dispute whether Guzman simply picked up the supplies or was involved in the actual purchases. For purposes of this Order, the distinction is irrelevant.

Case No. 07-23289-CIV-ALTONAGA/Brown

*Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997) (citation omitted), and "must resolve all reasonable doubts about the facts in favor of the non-movant," *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of America*, 894 F.2d 1555, 1558 (11th Cir. 1990) (citation omitted).

"By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Likewise, a dispute about a material fact is a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. In those cases, there is no genuine issue of material fact "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

3

Case No. 07-23289-CIV-ALTONAGA/Brown

### III. ANALYSIS

Defendants seek summary judgment on the issue of jurisdiction under the FLSA.[3] To establish jurisdiction for an overtime violation under the FLSA, the plaintiff employee must show either, (1) individual coverage – that the employee was engaged in commerce or in the production of goods for commerce; or (2) enterprise coverage – that the employer was engaged in commerce or in the production of goods for commerce. *See* 29 U.S.C. § 207(a)(1). Viewing the facts in the light most favorable to Plaintiff, Defendants assert jurisdiction on neither an individual nor an enterprise basis exists under the FLSA, and judgment should be granted in their favor.

The issue of enterprise coverage is easily decided. An employer is subject to enterprise coverage under the FLSA where it "has employees engaged in commerce or in the production of goods for commerce . . . and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s). As an exhibit to the Motion, Defendants submitted Irmadan's tax returns for the period of Guzman's employment. The returns show that Irmadan's annual income never reached $500,000. Plaintiff also took discovery on the issue and now concedes that Irmadan's gross sales do not meet the jurisdictional threshold. (*See Opposition* at 2). Accordingly, enterprise coverage under the FLSA does not exist.

The question of individual FLSA coverage is more complicated. The FLSA applies to

---

[3] As noted in the Order converting Defendants' Motion to Dismiss into a Motion for Summary Judgment, when "a factual attack on subject matter jurisdiction also implicates an element of the cause of action, a district court should 'find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case' under the Rule 56 summary judgment standard." *Navarro v. Broney Automotive Repairs, Inc.*, 533 F. Supp. 2d 1223, 1224 n.2 (S.D. Fla. 2008) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).

Case No. 07-23289-CIV-ALTONAGA/Brown

individual employees who "engage in commerce" as a part of their employment.[4]  In enacting the FLSA, Congress did not intend to invoke the full scope of its Commerce Clause power and regulate "activities merely affecting commerce." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943)).  Instead, the FLSA is meant "to regulate only activities constituting interstate commerce." *Id.*  The Eleventh Circuit has observed that for an employee to be "engaged in commerce," and therefore covered individually by the FLSA, the employee "must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Id.* (citations omitted).

In *Thorne*, the plaintiff employee "performed mold and water damage restoration work for residential and commercial properties . . . . [and] performed ministerial work . . . which included making purchases of goods for the company." *Id.* at 1265.  The plaintiff argued, in part, that individual FLSA coverage applied because he had engaged in commerce when, in connection with his employment, "he purchased goods [from local retail stores] which had traveled in interstate commerce." *Id.* at 1267.  In addressing this argument, the court discussed whether the defendant employer was the ultimate consumer of the goods, because when goods reach the ultimate consumer "for whom they were intended, the interstate journey ends and employees engaged in any further

---

[4] The FLSA also applies to employees who engage in the production of goods for commerce.  *See* 29 U.S.C. § 207.  Guzman does not appear to allege that his job involved the production of goods for interstate commerce.

5

Case No. 07-23289-CIV-ALTONAGA/Brown

*intra*state movement of the goods are not covered under the Act." *Id.* (emphasis in original) (citing *McLeod*, 319 U.S. at 493). The court noted the distinction between "merchants who bring commerce across state lines for sale and the ultimate consumer, who merely purchases goods that previously moved in interstate commerce for intrastate use," and found that a "customer who purchases an item from Home Depot is not engaged in commerce even if Home Depot previously purchased it from out-of-state wholesalers." *Id.* The court concluded that the plaintiff's employer was the ultimate consumer of the goods in question, and consequently, the plaintiff "did not produce sufficient evidence that he engaged in interstate commerce." *Id.* at 1268.

Interpreting *Thorne*, other courts in this Circuit have found employers in similar situations to be ultimate consumers, and thus their employees did not engage in commerce under the FLSA. In *Navarro*, the plaintiff, a commercial garage worker, purchased from Florida dealers, automobile parts that had previously traveled interstate and installed the parts in cars in Florida. 533 F. Supp. 2d at 1225. The court found the employee's purchases did not qualify him for individual coverage because his employer was the ultimate consumer of the goods. *Id.* at 1226. "[T]he interstate journey stop[ped] when the parts reached the local dealer," and therefore, the plaintiff was not engaged in commerce when he purchased the parts from the dealers. *Id.* (citing *Thorne*, 448 F.3d at 1267).

In *Casanova v. Morales*, the plaintiff was employed to do remodeling work on the defendant's home. Case No. 06-21321-Civ, 2007 WL 4874773, at *2 (S.D. Fla. Aug. 3, 2007). The plaintiff's purchase of remodeling supplies from Home Depot, such as nails, screws, and lumber, that had

6

Case No. 07-23289-CIV-ALTONAGA/Brown

traveled in interstate commerce was "not enough to provide 'individual coverage' under the FLSA."[5] *Id.* at *4. In *Thompson v. Robinson, Inc.*, the plaintiff, a line cook at a Florida restaurant, handled and prepared food that had originated out of state. Case No. 06-cv-771, 2007 WL 2714091, at *3 (M.D. Fla. Sept. 17, 2007). The court found the plaintiff was not individually covered and that the "Plaintiff's only involvement with goods was after they ceased to move in interstate commerce." *Id.* at *3.

Guzman argues the goods he purchased and utilized in installing cabinets continued to flow in interstate commerce until they reached the ultimate consumer, Irmadan's customers. Guzman contends he is individually covered under the FLSA because he was engaged in commerce in delivering the goods to Irmadan's customers. Defendants assert, however, that under *Thorne*, Guzman was not engaged in commerce because his duties involved only intrastate activity, and the goods Guzman retrieved from local retail stores ceased moving in interstate commerce when they arrived at the retail locations. The undersigned is persuaded *Thorne* controls the outcome in this case and that Guzman was not "engaged in commerce" within the meaning of the FLSA.

The parties agree that Guzman's duties did not implicate instrumentalities of interstate commerce. They only dispute the nature of Guzman's activities with respect to the goods he picked up and used for his cabinet installation duties. As discussed, the *Thorne* plaintiff made purchases of interstate goods used in connection with his employment, and the court found the plaintiff's employer was the ultimate consumer of the goods. Similarly, Irmadan was the ultimate consumer of the goods

---

[5] The holding in *Casanova* was affirmed by the Eleventh Circuit, where the court stated it found "no error in the District Court's determination that [the plaintiff] has failed to establish coverage" under the FLSA. *Casanova v. Morales*, Case No. 07-14145, 2008 WL 94756, at *1 (11th Cir. Jan. 10, 2008).

Case No. 07-23289-CIV-ALTONAGA/Brown

at issue here. The goods ceased flowing in interstate commerce when they arrived at Florida retail locations for sale in the local market. Guzman, therefore, was not engaged in commerce when he retrieved the goods and used them in his employment, and he is not individually covered by the Act.

Some confusion has been caused by an Eleventh Circuit decision relied upon by Guzman to support his argument. In an unpublished opinion predating *Thorne*, the court seemingly reversed a grant of summary judgment with respect to individual coverage in a factual scenario similar to the instant case. *See Alonso v. Garcia*, 147 F. App'x 815 (11th Cir. 2005). In *Alonso*, the court found the plaintiff was engaged in commerce "through his duties as a laborer transporting fumigation materials and chemicals, which had traveled in interstate commerce to defendants' customers within the state. Although these duties required no transportation outside the state of Florida, the materials and chemicals, which had traveled in interstate commerce, continued to flow in interstate commerce until they reached [the defendant's] customers." *Id.* at 816. The cursory opinion does not otherwise include a discussion of the factual details of the plaintiff's employment and does not give further explanation for its conclusion.

In *Casanova*, Judge Jordan was presented with a similar argument based on *Alonso*, and noted that *Alonso* and similar previous district court opinions "have been superseded by the Eleventh Circuit's 2006 decision in *Thorne*." 2007 WL 4874773, at *4. Also, in *Junkin v. Emerald Lawn Maintenance and Landscaping, Inc.*, the court rejected an argument under *Alonso*, noting the opinion "provides no factual background with which to compare the facts of the instant case," and cited Eleventh Circuit Rule 36-2, which states that unpublished opinions are not binding precedent. Case No. 04-cv-1537ORL, 2005 WL 2862079, at *4 n.6 (M.D. Fla. Nov. 1, 2005).

Case No. 07-23289-CIV-ALTONAGA/Brown

The undersigned agrees that the *Alonso* opinion does not provide sufficient factual background to determine the basis for the court's finding in that case.  It is not clear whether the defendant employer in *Alonso* transported the fumigation goods into the state and the plaintiff was involved in the process of delivering the goods in the intrastate portion of the journey, or whether the employer purchased the goods at a local Florida retailer.  This would be a fundamental distinction between *Alonso* and this case.  In any event, in light of the more recent *Thorne* opinion and Eleventh Circuit Rule 36-2[6] it is clear that to the extent *Alonso* is similar to this case, it is not controlling.

### IV.  CONCLUSION

Accordingly, for the foregoing reasons it is

**ORDERED AND ADJUDGED** that Defendants' Motion **[D.E. 23]** is **GRANTED**.  A judgment in favor of Defendants will be entered separately.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of April, 2008.

                        */s/ Cecilia M. Altonaga*
                        **CECILIA M. ALTONAGA**
                        **UNITED STATES DISTRICT JUDGE**

Copies furnished to:
(1) Magistrate Judge Stephen T. Brown
(2) Counsel of record

---

[6] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  Eleventh Circuit Rule 36-2.  For the reasons stated, the undersigned does not find the *Alonso* opinion to be persuasive.