# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

April 27, 2009

Steven M. Larimore
Clerk, U.S. District Court
400 N MIAMI AVE RM 8N09
MIAMI FL 33128-1813



**Appeal Number: 08-12902-DD**
Case Style: Jorge Guzman v. Irmadan, Inc.
District Court Number: 07-23289 CV-CMA

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
  Original record on appeal or review, consisting of: one volume

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

No. 08-12902

District Court Docket No.
07-23289-CV-CMA

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Mar 27, 2009
THOMAS K. KAHN
CLERK

JORGE GUZMAN,
and all others similarly situated,

        Plaintiff-Appellant,

versus

IRMADAN, INC.,
d.b.a. Dansco Enterprises,
DAN PASQUALUCCI,

        Defendants-Appellees.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Southern District of Florida

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
APR 27 2009
U.S. COURT OF APPEALS
ATLANTA, GA.

        Entered:   March 27, 2009
For the Court:   Thomas K. Kahn, Clerk
           By:   Patch, Jeffrey

[DO NOT PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

No. 08-12902
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-23289-CV-CMA

JORGE GUZMAN,
and all others similarly situated,

Plaintiff-Appellant,

versus

IRMADAN, INC.,
d.b.a. Dansco Enterprises,
DAN PASQUALUCCI,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Florida

(March 27, 2009)

Before EDMONDSON, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Jorge Guzman appeals the dismissal of his complaint for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. No reversible error has been shown; we affirm.

Here, the district court granted Irmadan's summary judgment motion after concluding that Guzman was not engaged in interstate commerce under the FLSA. We review a district court's grant of summary judgment de novo; and we view the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party. Maniccia v. Brown, 171 F.3d 1364, 1367 (11th Cir. 1999). On appeal, Guzman -- who assembled and installed kitchen cabinets in customers' homes and businesses for Irmadan -- argues that he individually was engaged in interstate commerce because he purchased and transported building materials that had traveled in interstate commerce.

The FLSA requires an employer to pay an employee overtime compensation for any hours worked in excess of forty in a given workweek, if that employee establishes either individual or enterprise coverage.[1] For individual coverage to apply under the FLSA, Guzman had to show that he (1) engaged in commerce or

---

[1] Guzman originally argued for enterprise coverage but later conceded that it was not a viable theory because Defendant did not have at least $500,000 in gross revenues. 29 U.S.C. § 203(s)(1)(A)(ii).

2

(2) engaged in the production of goods for commerce. 29 U.S.C. § 207(a)(1). Guzman relies on the "engaged in commerce" element.

To receive overtime compensation, Guzman had to "directly participat[e] in the actual movement of persons or things in interstate commerce." Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006).[2] In his employment with Irmadan, Guzman would, on occasion, pick up materials for Irmadan from local hardware and retail stores. These materials -- including plywood and liquid nails -- had come from out of state and abroad and later were used in the construction of Irmadan's cabinets. But the materials were removed from the flow of interstate commerce when they arrived at the retail stores. See id. at 1267 ("When goods reach the customer for whom they were intended, the interstate journey ends . . ."); see also 29 U.S.C. § 203(i). Guzman's later transport of the materials and installation of cabinets purchased by Irmadan's customers purely was intrastate activity "not covered under the Act." Thorne, 448 F.3d at 1267. Guzman's assertion that Irmadan's customers were the ultimate consumers of the materials is unavailing; the materials Guzman used and transported simply allowed Irmadan to conduct its cabinetry business. See Dunlop v. Indus. Am. Corp., 516 F.2d 498, 499-502 (5th Cir. 1975) (wholly intrastate garbage removal service was

---

[2]In enacting the FLSA, Congress did not exercise the full scope of its commerce power. Walling v. Jacksonville Paper Co., 63 S.Ct. 332, 336 (1943).

the ultimate consumer of the gasoline -- which had moved in interstate commerce -- used in operating company's trucks).[3]

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

[3]In his brief, Guzman belies his own assertion that the customers were the ultimate consumers of the materials, noting that the materials he picked up were "crucial and central to [Irmadan's] cabinetry business" and that he transported the materials "to be used in connection with [Irmadan's] business."

4